UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MELVIS HAWKINS, (Inmate # 115737), | § § § § § § § § § § | |
| Plaintiff, | | |
| vs. | | CIVIL ACTION NO. H-25-1383 |
| KYLE HAWTHORNE, et al., | | |
| Defendants. | | |

## MEMORANDUM OPINION AND ORDER

The plaintiff, Melvis Hawkins (Inmate # 115737), is a pretrial detainee in custody at the Brazos County Detention Center. Proceeding *pro se* and *in forma pauperis*, he filed a civil rights complaint under 42 U.S.C. § 1983 alleging that Brazos County District Judge Kyle Hawthorne, Assistant District Attorney Tonika Davis, and court-appointed counsel Margaret McGee are violating his civil rights in his on-going state-court criminal proceedings. (Dkt. 1). Hawkins's complaint is governed by the Prison Litigation Reform Act (PLRA), which requires the Court to screen complaints filed by prisoners seeking relief from the government as soon as feasible after docketing and dismiss any claims that are frivolous or malicious, that fail to state a claim upon which relief can be granted, or that seek money damages from a defendant who is immune from such relief. 28 U.S.C. § 1915A(a); *see also*

28 U.S.C. § 1915(e) (providing for the screening of suits filed by persons proceeding without prepaying the filing fee). Having conducted the required screening of Hawkins's complaint, the Court dismisses this action for the reasons explained below.

## I.   BACKGROUND

Publicly available records show that Hawkins is currently in jail awaiting trial on multiple serious felony charges. *See* Smart Search, https://portal-txbrazos.tylertech.cloud/ (last visited Apr. 18, 2025). On March 24, 2025, he filed a "Prisoner's Civil Rights Complaint," identifying the defendants as Judge Hawthorne, Assistant D.A. Davis, and Attorney McGee. (Dkt. 1, pp. 2-3).

In his complaint, Hawkins alleges he has been in jail for over two years. (*Id.* at 5). He alleges that in March 2025, Judge Hawthorne allowed Assistant D.A. Davis to "attempt a jury trial without discovery," which he contends violates his "fundamental rights." (*Id.*). He alleges that Attorney McGee did not object or file a motion to dismiss the charges when this happened. (*Id.*). He alleges that he specifically asked Attorney McGee to file a motion to dismiss the charges, but she refused. (*Id.* at 7). Instead, she requested that Judge Hawthorne set the case for a new trial date. (*Id.*). As relief for these alleged violations, Hawkins seeks money damages to compensate him for the emotional harm he alleges that he has suffered. (*Id.* at 5). He also asks the Court to disbar the defendants. (*Id.*).

## II. LEGAL STANDARDS

### A. Actions Under 42 U.S.C. § 1983

Hawkins brings his action under 42 U.S.C. § 1983. "Section 1983 does not create any substantive rights, but instead was designed to provide a remedy for violations of statutory and constitutional rights." *Lafleur v. Texas Dep't of Health*, 126 F.3d 758, 759 (5th Cir. 1997) (per curiam); *see also Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979). To state a valid claim under § 1983, a plaintiff must (1) allege a violation of rights secured by the Constitution or laws of the United States, and (2) demonstrate that the alleged deprivation was committed by a person acting under color of state law. *See West v. Atkins,* 487 U.S. 42, 48 (1988); *Gomez v Galman*, 18 F.4th 769, 775 (5th Cir. 2021) (per curiam). The first element recognizes that "state tort claims are not actionable under federal law; a plaintiff under [§] 1983 must show deprivation of a federal right." *Nesmith v. Taylor,* 715 F.2d 194, 195 (5th Cir. 1983) (per curiam). The second element means that generally only *state* actors—not private parties—can be liable for violations of civil rights. *See Frazier v. Bd. of Tr. of Nw. Miss. Reg'l Med. Ctr.*, 765 F.2d 1278, 1283 (5th Cir. 1985).

### B. The Prison Litigation Reform Act

The PLRA, which governs Hawkins's action, requires the Court to examine the legal and factual basis of a prisoner's complaint and dismiss the case if it

determines that the complaint "(i) is frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b); 42 U.S.C. § 1997e(c).

A complaint is frivolous "if it lacks an arguable basis in law or fact." *Geiger v. Jowers,* 404 F.3d 371, 373 (5th Cir. 2005) (per curiam) (citing *Denton v. Hernandez,* 504 U.S. 25, 31-32 (1992)). "A complaint lacks an arguable basis in law if it is based on an indisputably meritless legal theory, such as if the complaint alleges the violation of a legal interest which clearly does not exist." *Siglar v. Hightower,* 112 F.3d 191, 193 (5th Cir. 1997) (citing *Neitzke v. Williams,* 490 U.S. 319, 327 (1989)). "A complaint lacks an arguable basis in fact if, after providing the plaintiff the opportunity to present additional facts when necessary, the facts alleged are clearly baseless." *Rogers v. Boatright,* 709 F.3d 403, 407 (5th Cir. 2013) (cleaned up). A complaint fails to state a claim upon which relief can be granted if it does not contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

In conducting its screening review, the Court must construe all allegations "liberally in favor of the plaintiff" and must consider whether "with every doubt resolved on [the plaintiff's] behalf, the complaint states any valid claim for relief."

*Harrington v. State Farm Fire & Cas. Co.*, 563 F.3d 141, 147 (5th Cir. 2009) (cleaned up). But if the complaint does not state a claim for relief, it may be dismissed, even before service on the defendants. *See Green v. McKaskle*, 788 F.2d 1116, 1119 (5th Cir. 1986).

### C.   *Pro Se* Pleadings

Hawkins is proceeding *pro se* in this action. Courts construe pleadings filed by *pro se* litigants under a less stringent standard of review. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam). Under this standard, "[a] document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). But even under this liberal standard, *pro se* litigants must still "abide by the rules that govern the federal courts." *E.E.O.C. v. Simbaki, Ltd.*, 767 F.3d 475, 484 (5th Cir. 2014). They must "properly plead sufficient facts that, when liberally construed, state a plausible claim to relief, serve defendants, obey discovery orders, present summary judgment evidence, file a notice of appeal, and brief arguments on appeal." *Id.* (cleaned up).

### III.   DISCUSSION

#### A.   Claims Against Judge Hawthorne

Hawkins alleges that Judge Hawthorne violated Hawkins's constitutional rights by allowing a trial to be set before Hawkins had conducted or completed discovery. Hawkins also seems to allege that Judge Hawthorne violated his rights

by resetting the trial to a new date.

While § 1983 provides a remedy for violations of federal law by state officials, state-court judges are immune from claims, regardless of the type of relief sought, arising out of acts performed in the exercise of their judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9-10 (1991) (per curiam); *Mays v. Sudderth,* 97 F.3d 107, 110 (5th Cir. 1996). A plaintiff may overcome judicial immunity only when either (1) the claims are based on actions that are not judicial in nature, or (2) the claims are based on actions that, although judicial in nature, are taken in the complete absence of all jurisdiction. *Mireles*, 502 U.S. at 11-12. In determining whether a judge's actions were "judicial in nature," the Court considers "(1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity." *Malina v. Gonzales*, 994 F.2d 1121, 1124 (5th Cir. 1993). These factors are broadly construed in favor of immunity, and immunity may be granted even though one or more of these factors is not satisfied. *Id.*

Hawkins does not satisfy either of the ways to overcome judicial immunity. Hawkins cannot show that Judge Hawthorne was acting in the absence of all jurisdiction because, as the district judge for the 85th District Court, he has

jurisdiction over the cases pending in that court. *See* TEX. CONST. art. V, § 8 ("District Court jurisdiction consists of exclusive, appellate, and original jurisdiction of all actions, proceedings, and remedies, except in cases where exclusive, appellate, or original jurisdiction may be conferred by this Constitution or other law on some other court, tribunal, or administrative body."); *see also Dubai Petroleum Co. v. Kazi*, 12 S.W.3d 71, 75 (Tex. 2000) ("A Texas district court . . . is a court of general jurisdiction" and "all claims are presumed to fall within the jurisdiction of the district court unless the Legislature or Congress has provided that they must be heard elsewhere.").

In addition, Hawkins does not allege facts showing that Judge Hawthorne's actions were not judicial in nature. The only action Hawkins challenges is Judge Hawthorne's decision initially scheduling Hawkins's case for trial and then rescheduling it at the request of Hawkins's counsel. Decisions about when to schedule a case for trial or hearing are normal judicial functions. *See, e.g., Butler v. Tidwell*, No. 4:20-cv-00600-RAS-CAN, 2021 WL 4025379, at *10 (E.D. Tex. June 29, 2021) (setting trial dates is a normal judicial function), *report and recommendations adopted*, 2021 WL 3930979 (E.D. Tex. Sept. 1, 2021); *see also Thompson v. Duke*, 882 F.2d 1180. 1184 (7th Cir. 1989) (scheduling a case for hearing is a normal judicial function). Orders of this nature are normally entered either in the courtroom or the judge's chambers. Hawkins's claim arises directly

out of his pending state-court criminal case, and the challenged actions arise from a hearing before Judge Hawthorne in his official capacity. These facts demonstrate that the challenged action was a typical judicial action for which Judge Hawthorne is protected by judicial immunity. Hawkins's claims against Judge Hawthorne are therefore dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(iii) as seeking monetary relief from one who is immune.

### B.     Claims Against Assistant D.A. Davis

Hawkins identifies Davis as the assistant district attorney prosecuting his criminal case. District attorneys, who prosecute cases on behalf of the State, are entitled to absolute immunity for actions they take to prosecute a defendant in a criminal case. *See Imbler v. Pachtman*, 424 U.S. 409, 430-31 (1976). This includes immunity "for their conduct in initiating a prosecution and in presenting the State's case insofar as that conduct is intimately associated with the judicial phase of the criminal process." *Wooten v. Roach*, 964 F.3d 395, 407 (5th Cir. 2020) (quoting *Burns v. Reed*, 500 U.S. 478, 486 (1981)).

Hawkins's allegations concern Assistant D.A. Davis's alleged actions in bringing and pursuing the pending criminal charges against Hawkins. Because these actions are part of the judicial phase of the criminal proceedings against Hawkins, Assistant D.A. Davis is immune from the relief Hawkins is seeking. His claims against Assistant D.A. Davis are dismissed under § 1915(e)(2)(B)(iii) as

seeking monetary relief against a defendant who is immune.

C. **Claims Against Attorney McGee**

Hawkins alleges that Attorney McGee has been court-appointed to represent him in these criminal proceedings, and he challenges her decision to ask for a new trial date rather than dismissal of the charges against Hawkins. But court-appointed defense counsel may not be sued under § 1983 for actions taken in defending an individual charged with criminal acts.

To be liable under § 1983, the defendant must be acting under color of state law in taking the challenged actions.[1] But neither public defenders nor appointed or retained private defense attorneys act under color of state law when performing a lawyer's traditional functions in representing a criminal defendant because, in that capacity, he or she is acting on behalf of the defendant rather than on behalf of the State. *See, e.g., Polk County v. Dodson*, 454 U.S. 312, 318, 324-25 (1981); *Mills v. Crim. Dist. Court No. 3*, 837 F.2d 677, 679 (5th Cir. 1988) (holding that "private attorneys, even court-appointed attorneys, are not official state actors, and generally

---

[1]Limited exceptions to this general rule exist when the plaintiff can show that the private actor was implementing an official government policy or when the private actor's actions are fairly attributable to the government. *See Rundus v. City of Dallas, Tex.*, 634 F.3d 309, 312 (5th Cir. 2011). A private party who conspires with state actors to deprive another of his constitutional rights may also be considered a state actor. *See Priester v. Lowndes County*, 354 F.3d 414, 421 (5th Cir. 2004). Hawkins's complaint does not allege facts showing that any of these exceptions apply to his case.

are not subject to suit under section 1983"); *Amir-Sharif v. Dallas Cnty. Public Defender's Office*, 233 F. App'x 364, 365 (5th Cir. 2007) (per curiam) (dismissing claims against a county's public defenders "because they are not state actors for § 1983 purposes").

In her capacity as court-appointed defense counsel for Hawkins, Attorney McGee is not acting "under color of state law" while taking actions to represent him. Hawkins's disagreements with Attorney McGee's trial strategy may give rise to a malpractice action, but they will not support a claim for a violation of constitutional rights under § 1983. Hawkins's claims against Attorney McGee are dismissed under § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief can be granted.

## IV. CONCLUSION

Based on the foregoing, the Court **ORDERS** as follows:

1. Hawkins's civil rights action, (Dkt. 1), is **DISMISSED with prejudice**.

2. All pending motions are **DENIED** as moot.

3. Final judgment will be separate entered.

4. This dismissal will count as a "strike" for purposes of 28 U.S.C. § 1915(g).

The Clerk shall send a copy of this Memorandum Opinion and Order to the plaintiff. The Clerk shall also send a copy of this dismissal to the Three-Strikes List

Manager at the following email: **Three_Strikes@txs.uscourts.gov**.

SIGNED at Houston, Texas on _____Apr 22_____, 2025.

_____
DAVID HITTNER
UNITED STATES DISTRICT JUDGE

11/11